IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CHRISTINE A. LAMORTE                                                                PLAINTIFF

vs.                                           Civil No. 3:08-cv-03040

MICHAEL J. ASTRUE                                                              DEFENDANT
Commissioner, Social Security Administration

## AMENDED REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Christine A. Lamorte ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying her application

for Supplemental Security Income ("SSI") under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Jimm

Larry Hendren referred this case to the Honorable Barry A. Bryant for the purpose of making a report

and recommendation.   The Court, having reviewed the entire transcript and relevant briefing,

recommends that the ALJ's determination be **REVERSED AND REMANDED.**

1. **Background:**

Plaintiff protectively filed the current application for SSI on December 22, 2004.  (Tr. 14,

59).[1]  It appears Plaintiff previously filed an SSI application on October 11, 2002.  (Tr. 54-58, 59).

However, this previous application is not before this Court.  In the current application, Plaintiff

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for
this case are referenced by the designation "Tr."

1

alleged she was disabled due to "[d]isc problems, degenerative disc disease, fibromyalgia, depression, reading problems." (Tr. 93). Plaintiff alleged an onset date of June 1, 1998. (Tr. 14, 59). This application was initially denied on September 14, 2005 and was denied again on reconsideration on December 27, 2005. (Tr. 14, 37-38).

On January 18, 2006, Plaintiff requested an administrative hearing on her application. (Tr. 33). Plaintiff stated the following in her request for a hearing: "I am disabled and unable to perform substantial gainful activity given my age, education and work experience, by reason of physical and mental impairments." (Tr. 33). This hearing request was granted, and this hearing was held on December 13, 2007 in Harrison, Arkansas. (Tr. 311-370). Plaintiff was present and was represented by counsel, Frederick Spencer, at this hearing. *See id.* Plaintiff, Vocational Expert ("VE") Sarah Moore, and Plaintiff's friend Susan LaCoe testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-one (41) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008). (Tr. 314). The highest level of education Plaintiff had completed was the eleventh grade. (Tr. 315).

On January 24, 2008, the ALJ entered a fully unfavorable decision on Plaintiff's application for SSI. (Tr. 14-22). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 22, 2004, her application date. (Tr. 16, Finding 1). The ALJ determined Plaintiff had the following severe impairments: obesity, degenerative disc disease, depression, and borderline intellectual functioning. (Tr. 16, Finding 2). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16, Finding 3).

2

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 16-21, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to *Polaski v. Heckler,* 739 F.2d 1320, and found her claimed limitations were not totally credible. (Tr. 20). Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and/or carry 10 pounds frequently, 20 pounds occasionally, and sit/stand/walk for a total of 6 hours each in an 8-hour workday. She is limited by no driving as a part of work duties. Secondary to pain, she can occasionally climb ramps and stairs and can stoop, bend, crouch, crawl, kneel and balance but cannot climb scaffolds, ladders, or ropes. She cannot be exposed to unprotected heights, dangerous equipment, or machines. From a mental standpoint, she is able to perform routine, repetitive non-complex work with simple instructions where superficial contact is incidental to work with the public/co-workers and work is learned by rote with few variables and with supervision that is concrete, direct, and specific.

(Tr. 16, Finding 4).

The ALJ also evaluated Plaintiff's Past Relevant Work ("PRW") and determined she had no PRW she could perform. (Tr. 21, Finding 5). However, the ALJ also determined there was work existing in significant numbers in the national economy that she could perform. (Tr. 21-22, Finding 9). The ALJ based this determination upon the testimony of the VE. (Tr. 22). Given all Plaintiff's vocational factors, the VE testified Plaintiff could perform the requirements of such representative occupations as a poultry worker eviscerator with 4,900 such jobs in Arkansas and 46,000 such jobs in the national economy and a small products assembler with 1,600 such jobs in Arkansas and 74,000 such jobs in the national economy. (Tr. 22). Based upon this testimony, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, since December 22, 2004, the date

Plaintiff's application was filed.  (Tr. 22, Finding 10).

On February 12, 2008, Plaintiff requested that the Appeals Council review the ALJ's  fully unfavorable decision.  (Tr. 8).  *See* 20 C.F.R. § 404.968.  On May 1, 2008, the Appeals Council declined to review this decision.  (Tr. 5-7).  On July 9, 2008, Plaintiff filed the present appeal.[2] (Doc. No. 1).  Both parties have filed appeal briefs.  (Doc. Nos. 7-8).  This case is now ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2008); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See id.; Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one

---

[2] Plaintiff requested and was granted additional time to file this appeal.  (Tr. 3-4).

year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. <u>Discussion:</u>**

Plaintiff brings the present appeal claiming the following: (1) the ALJ erred by finding some of her physical and mental impairments were not severe; (2) the ALJ erred by making "clear

5

statements of bias against Dr. Vann Smith"; (3) the ALJ erred by failing to evaluate the combined impact of her impairments; (4) the ALJ erred in assessing her credibility and the credibility of her supporting witness;  and (5) the ALJ erred by failing to fully and fairly develop the record on her mental impairments.  (Doc. No. 7, Pages 8-21).  In response, Defendant argues Plaintiff retained the RFC for light work, was properly restricted to routine work, and was not disabled under the Act. (Doc. No. 8, Pages 3-10).  Because this Court finds the ALJ erred by finding Plaintiff's fibromyalgia was non-severe, this Court will only address that issue.

A.      **Severe Impairment Standard**

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities.  *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988).  The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*).

As noted by the Eight Circuit, the standard for determining whether a claimant suffers from a severe impairment is a low or *de minimis* standard.  *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should be considered severe when that diagnosis is supported by sufficient medical evidence); *see also Miller v. Astrue,* No. 05-4409, 2007 WL 1452966, at *1 (8th Cir. May 18, 2007). Furthermore, if the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded.  *See Nicola,* 480 F.3d at 887.

6

In the present action, the ALJ only found Plaintiff suffered from the following severe impairments: obesity, degenerative disc disease, depression, and borderline intellectual functioning. (Tr. 16, Finding 2).  In her application, Plaintiff alleged she was disabled due to "[d]isc problems, degenerative disc disease, fibromyalgia, depression, reading problems."  (Tr. 93).   The only impairment Plaintiff alleged that the ALJ found to be non-severe was her fibromyalgia.  However, her medical records, including two consultative examinations ordered by the SSA, state Plaintiff suffers from fibromyalgia, and those records indicate that her fibromyalgia is severe.  Therefore, the ALJ erred by finding Plaintiff did not meet the *de minimis* standard for a severe impairment and by finding her fibromyalgia was non-severe.

During the time Dr. Gregory J. Salko, M.D. treated Plaintiff from July of 2002 until October of 2002,[3] he repeatedly noted Plaintiff suffered from fibromyalgia and chronic pain and repeatedly prescribed her pain medication.  (Tr. 129-174).   This pain medication included strong prescription pain medication such as neurontin and oxycontin.  *See id.*  During Plaintiff's appointments with Dr. Salko in 2004, Dr. Salko again noted that Plaintiff still suffered from chronic fibromyalgia.  (Tr. 187-214).   On August 11, 2005, Dr. K. Simon Abraham, M.D. conducted a general physical examination of Plaintiff at the request of the SSA.  (Tr. 248-254).   Dr. Abraham found Plaintiff suffered from fibromyalgia.  *See id.*  On April 10, 2007, Dr. Alice M. Martinson, M.D. conducted a second general physical evaluation of Plaintiff at the request of the SSA.  (Tr. 296-297).   Dr. Martinson found the following regarding Plaintiff's condition: "I believe that this woman most likely has the clinical syndrome known as fibromyalgia.  This is a condition of unknown cause consisting of wide-spread muscle pain and tenderness, significant sleep disturbance, and chronic depression."  *See id.*

---

[3] While Plaintiff cannot be awarded SSI prior to her application date of December 22, 2004, the medical records dated prior to that date are included as a part of the background.

While these medical records alone might not establish that Plaintiff is *disabled* due to her fibromyalgia, these records do provide sufficient evidence to satisfy the low or *de minimis* standard for a severe impairment. *See Nicola v. Astrue,* 480 F.3d at 887. Because Plaintiff's medical records establish that she suffers from the severe physical impairment of fibromyalgia and because the ALJ erred by not finding Plaintiff's fibromyalgia was a severe impairment, this case must be reversed and remanded.

### 4. <u>Conclusion:</u>

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence, and the undersigned recommends that the ALJ's disability determination be reversed and remanded.

**The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **8th day of October, 2009.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE